IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION | ) |
| | ) |
| v. | ) NO. 3:05-0613 |
| | ) JUDGE CAMPBELL |
| NATIONAL TESTING SERVICES, | ) |
| LLC, et al. | ) |

MEMORANDUM

Pending before the Court are Plaintiff's Motion for Preliminary Injunction (Docket No. 8), Defendants' Motion to Dismiss (Docket No. 34), Defendant Asberry's Motion for Approval to Pay Retainer and for Approval of Fee Agreement (Docket No. 39), and Defendant Exam Preparations, LLC's Motion for Approval to Pay Retainer and for Approval of Fee Agreement (Docket No. 41).

For the reasons stated herein, Plaintiff's Motion for Preliminary Injunction (Docket No. 8) is GRANTED; Defendants' Motion to Dismiss (Docket No. 34) is DENIED; Defendant Asberry's Motion for Approval to Pay Retainer and for Approval of Fee Agreement (Docket No. 39) is GRANTED in part and DENIED in part; and Defendant Exam Preparations, LLC's Motion for Approval to Pay Retainer and for Approval of Fee Agreement (Docket No. 41) is GRANTED in part and DENIED in part.

FACTS

Plaintiff Federal Trade Commission brought this action pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to secure preliminary and permanent injunctive relief, rescission of contracts, restitution, disgorgement, and other equitable relief for Defendants' alleged deceptive acts or practices in connection with the selling of employment goods and services in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

Defendants are three limited liability companies located in Nashville, Tennessee, and Sean Terrance Asberry, owner of those companies.

Plaintiff alleges that Defendants have violated Section 5(a) of the FTC Act through false and misleading misrepresentations in their advertising, promotion, selling and servicing of goods and services. Plaintiff assert that consumers throughout the United States have suffered and continue to suffer substantial monetary loss as a result of Defendants' unfair and deceptive practices.

On August 8, 2005, the Court entered a Temporary Restraining Order ("TRO") with Asset Freeze and other Equitable Relief, including appointment of a Temporary Receiver for the Defendant companies. Docket No. 19. On August 15 and 16, 2005, the Court heard proof and argument on Plaintiff's Motion for Preliminary Injunction, which essentially asks the Court to extend the terms of the TRO until trial.

On August 15, 2005, Defendants filed a Motion to Dismiss (Docket No. 34), arguing that Plaintiff had failed to plead its claims with specificity, as required by Fed. R. Civ. P. 9(b). Subsequently, Defendants Asberry and Exam Preparations, LLC, each filed, pursuant to the requirements of the Temporary Restraining Order, a Motion for Approval to Pay Retainer and for Approval of Fee Agreement (Docket Nos. 39 and 41).

By agreement of the parties, the TRO has been extended until entry of the Court's Order on the Motion for Preliminary Injunction.

For the reasons explained at the hearing, Plaintiff's Motion for Preliminary Injunction is GRANTED as unopposed as to Defendants National Testing Services, LLC and Future Planning, LLC.

## MOTIONS FOR APPROVAL OF FEES

As discussed at the preliminary injunction hearing, Defendants' Motions for Approval to Pay Retainer and for Approval of Fee Agreement (Docket Nos. 39 and 41) are GRANTED in part and DENIED in part as follows. The Court approves payment of fees by Defendants to their attorneys but reserves decision concerning the amounts and circumstances of such payments.

## MOTION TO DISMISS

Defendants argue that Plaintiff's Complaint should be dismissed for failure to state allegations of fraud with particularity, as required by Fed. R. Civ. P. 9(b). Plaintiff argues, however, that this is not a fraud case, but rather, an action for violation of the FTC Act, for which particularity is not required.

Because the primary purpose of Section 5 of the FTC Act [15 U.S.C. § 45(a)] is to protect the consumer public rather than to punish the wrong-doer, the intent to deceive the consumer is not an element of the Section 5 violation. Federal Trade Comm'n. v. Freecom Communications, Inc., 401 F.3d 1192, 1202 (10th Cir. 2005). Neither proof of consumer reliance nor proof of consumer injury is necessary to establish a Section 5 violation. Id. at 1203.

The Court finds that the particularity required by Fed. R. Civ. P. 9(b) does not apply in this case; rather, the FTC Act and its standards are applicable. In any event, the Complaint complies with Rule 9(b). Accordingly, Defendants' Motion to Dismiss (Docket No. 34) is DENIED.

## ADMISSIBILITY OF DECLARATIONS/AFFIDAVITS

At the preliminary injunction hearing, Plaintiff offered as evidence certain declarations and affidavits filed in support of the TRO, and Defendants objected thereto. Defendants argued that the

3

declarations are hearsay and Defendants have had no opportunity for cross-examination of the witnesses.

At the preliminary injunction stage, a district court may rely on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction, if the evidence is appropriate given the character and objectives of the injunctive proceeding. Levi Strauss & Co. v. Sunrise International Trading Inc., 51 F.3d 982, 985 (11th Cir. 1995); Securities and Exchange Comm'n. v. Sanchou, 933 F.2d 403, 412 (7th Cir. 1991).

Inasmuch as the grant of a preliminary injunction is discretionary, the trial court is allowed to give even inadmissible evidence some weight when it is thought advisable to do so in order to serve the primary purpose of preventing irreparable harm before a trial can be held. FSLIC v. Hill, 835 F.2d 554, 448 (5th Cir. 1987). The dispositive question is not their classification as hearsay but whether, weighing all the attendant factors, including the need for expedition, this type of evidence was appropriate given the character and objectives of the injunctive proceeding. Asseo v. Pan American Grain Co., Inc., 805 F.2d 23, 26 (1st Cir. 1986).

For these reasons, Defendants' objections are overruled, and the Court, in its discretion, admits the affidavits and declarations filed in support of the TRO as exhibits to the preliminary injunction hearing in this matter.

## PRELIMINARY INJUNCTION

Section 5 of the FTC Act prohibits unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce. 15 U.S.C. § 45(a).

Section 13(b) of the FTC Act authorizes the FTC to bring suit in federal district court when it has reason to believe that a party is violating any provision of law enforced by the FTC; and, in

4

proper cases, the FTC may seek and, after proper proof, the Court may issue a permanent injunction. 15 U.S.C. § 53(b). Pursuant to Section 53(b), the Court is required to weigh the equities and to consider the FTC's likelihood of ultimate success before entering a preliminary injunction. FTC v. World Wide Factors, Ltd., 882 F.2d 344, 346 (9th Cir. 1989). Harm to the public interest is presumed. Id. When the Court balances the hardships of the public interest against a private interest, the public interest should receive greater weight. Id.

Unlike private actions, which are rooted in the equity jurisdiction of the courts, in suits based upon statutory authority, proof of irreparable harm or the inadequacy of other remedies is not required. Securities and Exchange Comm'n. v. Management Dynamics, Inc., 515 F.2d 801, 808 (2d Cir. 1975) (cited in Securities and Exchange Comm'n. v. Youmans, 729 F.2d 413, 415 (6th Cir. 1984)).

The Court finds that Plaintiff has shown a likelihood of ultimate success on the merits of this action. The proof before the Court, including the documents entered into evidence at the hearing; the documents filed in support of the Temporary Restraining Order, particularly Exhibit 35 (Declaration of Martha Hennen); the Initial Receiver's Report (Docket No. 33); and the testimony at trial indicate that Plaintiff likely will prove violations by Defendants of the FTC Act, and the public interest weighs in favor of issuing the preliminary injunction.

Plaintiff has produced evidence of false and misleading information in Defendants' written scripts for its telephone representatives to use with consumers. At least one employee of Defendants testified that the scripts seized by the Receiver and presented into evidence at the hearing were the scripts used by Defendants' telephone representatives and that whatever is on the script is what Defendants' telephone representatives are trained to say.

For example, the scripts tell consumers that the study package they are purchasing includes an actual sample postal exam, when it does not. The scripts indicate that certain positions with the post office are available when they are not. The scripts represent that, if the consumer passes with 90 or above on the postal test, he or she will be placed immediately, when that is not true. Telephone representatives reading the scripts tell consumers they can "qualify" them for postal services jobs, when only the post office can make such a determination. The information which Defendants' employees give consumers about Defendants' alleged "full, money-back guarantee" is incomplete and misleading.

For the reasons outlined in his Initial Report, the Receiver, after reviewing the premises of Defendants' business and documents seized therein, determined that no legitimate business was being conducted on the premises and elected to close the business of Defendants at both their locations. Docket No. 33. The Receiver discovered that there were no funds in any of Defendants' known bank accounts and that Defendants had been having severe problems obtaining and keeping merchant accounts as a result of excessive chargebacks. Id. The Receiver also stated that the existing employees of Defendants did not appear to be reliable and that the records revealed that many of the employees had criminal records. Id. The Receiver reported that Defendant Asberry was not cooperative and, in fact, lied to the Receiver concerning the formation of a new business and Defendants' bank accounts. Id.

Plaintiff has presented evidence that Defendants' advertisements are, at best, misleading in that they indicate that Defendants are currently hiring for postal jobs and are therefore connected with or endorsed by the U.S. Post Office. In addition, the ads are, at best, misleading in that they

6

indicate that the U.S. Post Office is currently hiring, when often postal jobs are not available in the particular area targeted by the ads.

Defendants represented at the hearing that they would be willing to agree to an injunction imposing certain conditions upon their operations so long as they were allowed to continue their businesses. This offer does not diminish the need for a preliminary injunction, however, based upon Defendants' track record and issues of credibility.

For all these reasons, the Court finds that the preliminary injunction should issue on substantially the same terms as the current TRO, and Plaintiff's Motion for Preliminary Injunction is GRANTED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE